NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0132n.06
Filed: February 13, 2009

No. 08-3506

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MOFEED SALIM HILMI NASER, et al., | ) | |
| | ) | PETITION FOR REVIEW OF |
| Petitioners, | ) | ORDER OF BOARD OF |
| | ) | IMMIGRATION APPEALS |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., | ) | |
| Attorney General of the United States, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

BEFORE:     KEITH, COLE, McKEAGUE, Circuit Judges.

**PER CURIAM.**  Now before the court is a petition for review of a final decision of the Board of Immigration Appeals effectively denying petitioners' application for withholding of removal and ordering their removal to Jordan.  The Board rendered its decision on April 4, 2008, adopting and affirming the August 14, 2006 decision of the Immigration Judge.  The Immigration Judge concluded that petitioners, a family of four, citizens of Jordan, are not entitled to withholding of removal because they failed to demonstrate, as claimed, that they would be subject to persecution on account of political opinion if returned to Jordan.  A stay of removal has been granted pending this appeal.  For the reasons that follow, we deny the petition for review.

Petitioners are Mofeed Salim Hilmi Naser, his wife, Suhad Radwan, and their two children, Manab Naser and Adel Naser.  They concede they are subject to removal for having overstayed their

temporary authorization to remain in the United States as nonimmigrant visitors. Petitioners sought withholding of removal under the Immigration and Nationality Act and under the regulations implementing the Convention Against Torture.

At the August 14, 2006 hearing before the Immigration Judge, petitioner Mofeed Naser testified to instances of abuse (i.e., jailings and beatings) he suffered at the hands of Jordanian police from 1991 to 1994. These incidents of harassment and mistreatment were allegedly precipitated by false complaints made against Naser by Abid Al Raaouf Jabir Al Jabalee, a business partner of Naser's now-deceased father in the ownership and operation of a construction company in Jordan. Naser began working for the construction company in 1991. When Naser came to suspect that Al Jabalee was taking advantage of his elderly father and misappropriating business assets, Naser confronted Al Jabalee. Al Jabalee, who also happened to be a colonel in the Jordanian Army, allegedly retaliated by formally accusing Naser of "cussing the government." As a consequence, Naser testified, he was arrested, jailed, tortured, fined and made to sign a statement agreeing not to cuss the government or the economy. According to Naser, this happened three to five times from 1991 to 1994, as Al Jabalee repeatedly threatened to destroy him.

In 1995, Naser moved his family to Dubai, in the United Arab Emirates, where he found other work for some time. He returned to Jordan briefly upon learning that his father had died in January 1998. At that time, Al Jabalee had seized control of the construction company, claiming that Naser's father had conveyed his interest in the business to Al Jabalee. Al Jabalee continued to threaten Naser with imprisonment if he did not leave Jordan. Later in 1998, Naser came with his family to the United States, having executed a general power of attorney appointing his brother to

act as his attorney-in-fact in connection with his business and other interests. Petitioners' application for withholding was also supported by the testimony of Naser's wife, whose testimony corroborated his in some respects.

At the conclusion of the hearing, the Immigration Judge denied relief for two reasons. First, noting inconsistencies between Naser's written application and his testimony, and between Naser's testimony and his wife's, the Immigration Judge found Naser and his wife not to be credible. Second, even if they were deemed credible, the Immigration Judge concluded that Naser had not carried his burden of proving that any threat of future persecution would be on account of political opinion—actual or imputed—as opposed to a personal business dispute. The Board of Immigration Appeals adopted this analysis and affirmed the denial of withholding of removal.[1]

On review, we find no grounds to disturb this decision.[2] First, inasmuch as the Immigration Judge's credibility determination is a finding of fact, based on personal observations of the witnesses' demeanor and candor , we are obliged to defer to it unless a reasonable adjudicator would be compelled to conclude to the contrary. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481, 483-84

---

[1]The Board of Immigration Appeals concluded that the applicants, by failing to meaningfully challenge the denial of relief under the Convention Against Torture, had waived their right to appeal that ruling. We reach the same conclusion at this stage. For, while petitioners have nominally challenged the ruling in their final appellate brief, they have not developed any argument attacking the merits of the decision. *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues adverted to only in a perfunctory manner unaccompanied by some effort at developed argumentation are deemed waived).

[2]Because the Board adopted the Immigration Judge's decision with additional commentary, we review the decision of the Immigration Judge, as supplemented by the Board, as the final decision. *See Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007).

(1992); *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006). Yet, we acknowledge that

inconsistencies that do not "go to the heart" of the application, but that are minor or irrelevant, are

not grounds for an adverse credibility determination. *Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th

Cir. 2008).[3]

Having undertaken independent review of the record, we find that the Immigration Judge's

assessment of the witnesses' credibility is supported by specific reasons and is based on identified

discrepancies that cannot be fairly characterized as minor or irrelevant. We cannot say that the

adverse credibility determination is unreasonable or that a contrary conclusion is compelled by the

record. In this respect, therefore, we find no error.

The second ground for denial of relief is even more conclusive. The Immigration Judge

correctly observed that Naser, to show entitlement to withholding of removal under the Immigration

and Nationality Act, had the burden to demonstrate a clear probability that he would be persecuted

on account of a protected ground (i.e., race, religion, nationality, membership in a particular social

group, or political opinion) if he returned to Jordan. *Zoarab v. Mukasey*, 524 F.3d 777, 782-83 (6th

Cir. 2008). Naser alleged that he suffered political persecution. The Immigration Judge concluded

that, even accepting petitioners' testimony as truthful, the record is devoid of evidence that Naser's

past harassment was on account of any political opinion. Indeed, evidence of a threat of retribution

over a strictly personal or commercial dispute does not suffice. *Id.* at 781. Petitioners insist,

---

[3]The clarified standard for determining credibility effected by the REAL ID Act of 2005, and codified at 8 U.S.C. § 1231(b)(3)(C), does not apply to the instant application because it was filed before the effective date of the Act. Therefore, the "heart-of-the-claim" consideration previously recognized in our case law is relevant. *See Amir v. Gonzales*, 467 F.3d 921, 925 n.4 (6th Cir. 2006).

however, that it is sufficient for them to show that Naser was *perceived* to be an opponent of the Jordanian regime—even though the perception is due to a business rival's false accusations. They cite no authority for this proposition.

While some courts have held that evidence of past persecution based on an erroneously imputed political opinion may support a claim for relief, the Sixth Circuit has not yet expressly adopted this view. *See Pascual v. Mukasey*, 514 F.3d 483, 486-87 (6th Cir. 2007) (recognizing that the approach was impliedly accepted in an unpublished opinion); *Kai Hun Sin v. Mukasey*, 294 F. App'x 203, 206-07 (6th Cir. 2008) (same). But even if we were to adopt the imputed-political-opinion approach, it would not help petitioners' cause, considering the factual basis for their claim.

After all, it is the persecutor's motive that is critical. *Pascual*, 514 F.3d at 486-87. To the extent Al Jabalee was the alleged persecutor, he was, by petitioners' own account, clearly not motivated by opposition to any political opinion Naser holds. Rather, he was motivated by personal greed. To the extent the Jordanian police were the alleged persecutors, they were allegedly motivated by Al Jabelee's false accusations about Naser's political views. Yet, as the Immigration Judge noted, documents submitted by the applicants (i.e., two notices to appear and two receipts for fines paid) offer no specific support for Naser's allegations. They are nonspecific as to the accusations for which Naser was made to pay fines. They offer no support for the claim that Naser was persecuted on account of his political opinions.

Moreover, the record is devoid of evidence to support a finding that, ten years after Naser departed Jordan, Jordanian authorities would be motivated to persecute him for his political views upon his return to Jordan—apart from any renewed false accusations by Al Jabalee. Yet, the notion

that Al Jabalee would still be motivated to continue his personal vendetta against Naser is, on the present record, a matter of pure speculation, hardly a matter of clear probability. The applicants have supplied no information regarding the status of the construction company or whether Al Jabalee is still involved with it, is still in the Jordanian Army, or is even still alive. Furthermore, the very fact that the likelihood of future persecution is so dependant on such variables as the continued presence and animus of a particular *person* confirms the Immigration Judge's view that the underlying dispute between Naser and Al Jabalee was personal, not political.

Hence, petitioners have failed to demonstrate error in the Immigration Judge's holding that they failed to carry their burden of proof. Reversal would be appropriate only if the evidence were such that a reasonable fact finder would have to conclude that a clear probability of persecution existed. *Bah v. Gonzales*, 462 F.3d 637, 640 (6th Cir. 2006). The evidence does not compel such a conclusion. Rather, we concur in the Immigration Judge's assessment that the record does not substantiate the asserted clear probability that Naser and his family would be subject to persecution on account of political opinion if they returned to Jordan.

Finding no error, we **DENY** the petition for review.